<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO FERNANDO ESPINOZA-MARIN,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>MERRICK B. GARLAND, *Attorney General*,<br><br>　　　　　　　　　　　Respondent. | 23cv2584 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

　　　Pending before the Court is a petition brought by Petitioner Mario Fernando Espinoza-Marin against Respondent Merrick B. Garland, Attorney General.  D.E. 1.  Petitioner seeks "review by this Court of the final Order of Removal entered by the Board of Immigration Appeals on March 27, 2023." *Id.* at 1.  According to the petition, "[j]urisdiction is asserted pursuant to 8 U.S.C. § 1252(a)(1) (removal cases) / § 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) as amended by § 106 of the REAL ID Act of 2005 (deportation and exclusion cases)." *Id.*  Upon review of the petition, this Court has determined that it lacks subject matter jurisdiction over this matter.

　　　A petition for judicial review of a final order of removal issued by the Board of Immigration Appeals ("BIA") may only be properly brought before a court of appeals pursuant to 8 U.S.C. § 1252(a)(1).  *See, e.g., Hamilton v. AG of the United States*, 241 F. App'x 825, 827 (3d Cir. 2007) (explaining "a petition for review filed in the Court of Appeals is the sole means by which [the petitioner] may obtain judicial review of a final removal order").  Moreover, 8 U.S.C. § 1252(a)(5),

titled "Exclusive means of review," definitively provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an on order of removal entered or issued under any provision of this Act[.]"

Here, the petition makes clear that what Petitioner seeks is judicial review of a final order of removal issued by the BIA.  Thus, as this Court is not a court of appeals, it lacks subject matter jurisdiction to review the pending petition.

Accordingly, it is on this 8th day of November, 2023;

**ORDERED** that Petitioner Mario Fernando Espinoza-Marin's petition for review of the BIA's order, D.E. 1, is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to the office of Petitioner's counsel of record; and it is finally

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED**.

Dated: November 8, 2023

_____
Evelyn Padin, U.S.D.J.